UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DEBORAH SANZARO and )
MICHAEL SANZARO, )
                             )
                             )     2:11-CV-01143-PMP-CWH
        Plaintiffs, )
                             )
vs. )
                             )
ARDIENTE HOMEOWNERS )     **ORDER**
ASSOCIATION LLC, *et al.,* )
                             )
        Defendants. )
                             )

        Presently before the Court is Defendants Leach Johnson Song & Gruchow and John Leach's Motion to Dismiss Plaintiffs' Complaint as to Plaintiff Michael Sanzaro (Doc. #69), filed on August 5, 2013.  On the same day, Defendants Ardiente Homeowners Association LLC, Scott Harris, Corona Ardiente LLC, James Marsh, Linda Kemper, Margo Hughen, Ryan Smith, Laury Phelps, RMI Management LLC, and Kevin Wallace filed a Joinder (Doc. #70) in the Motion to Dismiss.  Plaintiff Michael Sanzaro filed an Opposition (Doc. #71) on August 14, 2013.  Defendants did not file a Reply.

        Also before the Court is Plaintiff Michael Sanzaro's Motion that Defendant's Counsel Committed "Fraud Upon This Court" in Their Motion to Dismiss Plaintiff Michael Sanzaro (Doc. #73), filed on August 14, 2013.  Defendants Leach Johnson Song & Gruchow and John Leach filed an Opposition (Doc. #76), to which Defendants Ardiente Homeowners Association LLC, Scott Harris, Corona Ardiente LLC, James Marsh, Linda

Kemper, Margo Hughen, Ryan Smith, Laury Phelps, RMI Management LLC, and Kevin Wallace filed a Joinder (Doc. #77), on September 3, 2013.  Plaintiff Michael Sanzaro filed a Reply (Doc. #79) on September 9, 2013.

**I. BACKGROUND**

Plaintiffs Michael Sanzaro ("Mr. Sanzaro") and his wife, Deborah Sanzaro ("Mrs. Sanzaro"), are residents of North Las Vegas and have been members of Defendant Ardiente Homeowners Association LLC ("the HOA") since November 2007.  (Compl. (Doc. #78) at 2.)  Defendant Leach Johnson Song & Gruchow, a law firm in Las Vegas of which Defendant John Leach is a partner, represents the HOA.  (Id. at 7; Answer (Doc. #67) at 2.)  The issue in this case is whether Mrs. Sanzaro should be allowed to have her Chihuahua dog ("Angel") accompany her as a service animal in the HOA clubhouse.  (Compl. at 4, 10.)  Plaintiffs' claims arise out of three incidents as alleged in the Complaint.

First, Plaintiffs allege that on March 11, 2009, Mrs. Sanzaro, accompanied by Angel, entered the HOA clubhouse when Defendant Laury Phelps ("Phelps"), the Community Manager of the HOA at the time, approached Mrs. Sanzaro and requested proof that Angel was a service animal.  (Id.)  Plaintiffs allege Mrs. Sanzaro stated she was a disabled person and showed Phelps a "'registered service dog' patch on the dog leash." (Id.)  Mrs. Sanzaro stated Angel was trained to retrieve items and assist with reducing Mrs. Sanzaro's pain.  (Id.)  Plaintiffs allege that Phelps insisted Mrs. Sanzaro and Angel leave the clubhouse unless Mrs. Sanzaro could provide paperwork, and that Phelps ultimately called security to escort Mrs. Sanzaro out of the clubhouse.  (Id.)  Plaintiffs further allege Defendants John Leach and Leach Johnson Song & Gruchow advised the HOA to violate the ADA and FHA by requesting documentation of Angel's training.  (Id. at 51.)

Second, Plaintiffs allege that on July 26, 2010, Mrs. Sanzaro, accompanied by Angel and Mr. Sanzaro, entered the HOA clubhouse to purchase a device for the HOA gates.  (Id. at 13.)  Plaintiffs allege that Phelps told both Mr. and Mrs. Sanzaro to leave the

1  clubhouse, to which Mr. Sanzaro replied that Mrs. Sanzaro is disabled and Angel is her
2  trained service animal, and he showed Phelps the "registered service dog" patch on Angel's
3  leash. (Id. at 13-14.) Plaintiffs further allege that Phelps then called the police and
4  threatened to press charges against Plaintiffs, at which point Plaintiffs left the clubhouse.
5  (Id. at 14.)

6  Third, Plaintiffs allege that on January 29, 2011, Mrs. Sanzaro, again
7  accompanied by Angel and Mr. Sanzaro, went to the HOA clubhouse to use the library. (Id.
8  at 17.) Plaintiffs allege the new Community Manager, non-party Mr. Winkel, had been
9  ordered by Defendants[1] to bar access to the clubhouse because Plaintiffs had not provided
10 documents proving Angel was a service animal. (Id.) Plaintiffs allege that Mr. Sanzaro
11 explained Angel's training to retrieve items and insisted that Plaintiffs do not need to
12 provide documentation under federal and state statutes. (Id.) However, Plaintiffs allege
13 that in the end they "did not want to be confrontational" with the new Community Manager
14 and they voluntarily left the clubhouse. (Id.)

15 Based on these incidents, Plaintiffs brought 102 causes of action for
16 "discrimination against the disabled, breach of contract and other torts," including claims
17 under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, and the Fair
18 Housing Act ("FHA"), 42 U.S.C. §§ 3601-19. (Id. at 1, 9-19, 51.) This Court previously
19 dismissed Plaintiffs' suit, and judgment was entered in favor of Defendants on all claims.
20 (Order (Doc. #33); Clerk's J. (Doc. #34).) On appeal, the United States Court of Appeals
21 for the Ninth Circuit held the HOA clubhouse is a public place under the ADA and vacated
22 this Court's dismissal of Plaintiffs' claims under the ADA and the FHA. (Mem. (Doc. #55)
23 at 2-4.) At a status hearing on July 22, 2013, the Court confirmed that Plaintiffs' remaining

---

[1] Plaintiffs do not identify which Defendants ordered Mr. Winkel to bar access to the HOA clubhouse.

3

claims on remand are under the ADA and FHA. (Mins. of Proceedings (Doc. #66).) Plaintiffs subsequently refiled the Complaint (Doc. #78) with all 102 claims. However, because the Ninth Circuit affirmed in part and vacated in part, the only claims remaining are the first, second, sixth, seventh, eleventh, twelfth, and seventy-first claims, as these refer to violations of either the ADA or FHA, or both.[2] (See Compl. at 9-19, 51.)

Defendants Leach Johnson Song & Gruchow and John Leach now move to dismiss the Complaint as to Plaintiff Mr. Sanzaro, arguing Mr. Sanzaro fails to allege he suffered any injury and therefore he lacks standing. Mr. Sanzaro opposes the motion, arguing he was injured by Defendants while accompanying Mrs. Sanzaro and Angel. Mr. Sanzaro further argues he has been injured because Plaintiffs were jointly assessed fines and legal fees and are barred from the HOA common areas until the fines are paid. Mr. Sanzaro alternatively requests leave to amend the Complaint to add his name to the claims in the Complaint that mention only Mrs. Sanzaro.

Additionally, Mr. Sanzaro moves the Court to find Defendants committed fraud upon the Court in filing their Motion to Dismiss. He argues that Defendants misinterpreted and misrepresented the Ninth Circuit's order. Defendants respond that they interpreted the law differently from Mr. Sanzaro, and that a disagreement does not rise to fraud upon the Court.

**II. MOTION TO DISMISS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (quotation

---

[2] The seventh claim is based on Nevada law on the equal enjoyment of places of public accommodations, thereby incorporating the ADA. It will remain active because the Ninth Circuit held the HOA clubhouse to be a place of public accommodation, and because Defendants considered the claim to be revived on appeal. (See Ans. (Doc. #67) & Ans. (Doc. #68)).

4

omitted).  However, the Court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief.  Bell Atl. Corp. v Twombly, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id. at 555. Further, "where the petitioner is pro se, particularly in civil rights cases," the Court has an obligation "to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

When a motion to dismiss is filed for lack of standing and the moving party does not introduce additional evidence, the court is limited to a review of the Complaint.  Holy See, 557 F.3d at 1073; Fed. R. Civ. P. 12(b)(1).[3]  Although Defendants are the moving party, Plaintiffs have the burden of proving standing.  Tosco Corp. v. Cmtys. for a Better Env't., 236 F.3d 495, 499 (9th Cir. 2001), abrogated on other grounds by Hertz Corp. v. Friend, 559 U.S. 77 (2010) (quotation omitted).

### A.  ADA Violation - 42 U.S.C. § 12182

Defendants argue Mr. Sanzaro lacks standing to bring an ADA claim because Plaintiffs' Complaint fails to allege Mr. Sanzaro suffered an injury.  Defendants further argue the Complaint fails to allege Mr. Sanzaro was discriminated against because of his association with Mrs. Sanzaro.  Defendants also point out that Plaintiffs did not name Mr. Sanzaro in four of the remaining seven claims.

Mr. Sanzaro responds that he has standing because the sixth, eleventh, and twelfth claims state Mr. Sanzaro was barred from accessing the HOA clubhouse on one

---

[3] Mr. Sanzaro's Opposition includes an affidavit in support.  However, the affidavit presents largely the same information as alleged in the Complaint.  Because Defendants bring a facial attack to the Complaint, and because no new information is presented in the affidavit, the Court will not consider Mr. Sanzaro's affidavit.

5

1  occasion and forced to leave the clubhouse on another date.  Mr. Sanzaro also contends that
2  the HOA imposed fines and legal fees against him, as well as suspended his voting rights
3  and access to the HOA common areas until the fines and fees are paid.  Mr. Sanzaro
4  contends the absence of his name in four of the remaining claims was an oversight that can
5  be corrected by amendment.

6        To establish standing, a plaintiff must show: (1) the plaintiff suffered an "injury
7  in fact"; (2) the injury was caused by the defendant's conduct; and (3) the injury can be
8  "redressed by a favorable decision."  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61
9  (1992).  In regards to injury, "under the ADA, once a plaintiff has actually become aware of
10 discriminatory conditions existing at a public accommodation, and is thereby deterred from
11 visiting or patronizing that accommodation, the plaintiff has suffered an injury."  <u>Pickern v.
12 Holiday Quality Foods Inc.</u>, 293 F.3d 1133, 1136-37 (9th Cir. 2002).  As to discrimination
13 because of association under the ADA, it is "discriminatory to exclude or otherwise deny
14 equal goods, services, facilities, privileges, advantages, accommodations, or other
15 opportunities to an individual or entity because of the known disability of an individual with
16 whom the individual or entity is known to have a relationship or association."  42 U.S.C.
17 § 12182(b)(1)(E).  The Court should "take a broad view of constitutional standing in civil
18 rights cases, especially where, as under the ADA, private enforcement suits are the primary
19 method of obtaining compliance with the Act."  <u>Doran v. 7–Eleven, Inc.</u>, 524 F.3d 1034,
20 1039 (9th Cir. 2008) (quotation omitted).

21       Here, the Complaint alleges the HOA prevented Mr. Sanzaro from accessing the
22 HOA clubhouse on one occasion and, on another date, ordered him to leave the clubhouse.
23 Specifically, the Complaint alleges that "the Community Manager yelled at Mr. and Mrs.
24 Sanzaro and told them to get out of the clubhouse with the dog," and when Plaintiffs did not
25 leave, Defendant Phelps "stated that she wanted to press charges against plaintiffs if they
26 did not leave." (Compl. at 14.)  The Complaint therefore adequately alleges that Mr.

Sanzaro was barred access to the HOA clubhouse, thereby suffering an injury in fact distinct from the alleged injuries suffered by Mrs. Sanzaro. Mr. Sanzaro wished to make use of the clubhouse and has not brought claims solely to allow Mrs. Sanzaro access to the clubhouse. Mr. Sanzaro has alleged that Defendants' conduct has prevented him from accessing the clubhouse and the injury can be redressed by a favorable decision. Accordingly, Mr. Sanzaro has satisfied the three requirements for standing.

Additionally, Mr. Sanzaro has sufficiently alleged that the HOA's denial of his access to the clubhouse is due to his association with his wife, Mrs. Sanzaro, a disabled individual. Mr. Sanzaro has provided two instances in which he was prevented from enjoying the HOA clubhouse because he accompanied his wife. Accordingly, Defendants' Motion to Dismiss Mr. Sanzaro as a Plaintiff for the purposes of the ADA claim is denied.

### B. FHA Violation - 42 U.S.C. §§ 3601-19

The parties make the same arguments as to Mr. Sanzaro's standing under the FHA as they did for his ADA claim. The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . any person associated with that person." 42 U.S.C. § 3604(f)(2). When a violation occurs, the FHA permits private suits to be brought by any "aggrieved person." Id. § 3613(a)(1)(A). An aggrieved person "includes any person who . . . claims to have been injured by a discriminatory housing practice." Id. § 3602(i)(1).

Claims brought under the FHA "are to be judged under a very liberal standing requirement. Unlike actions brought under other provisions of civil rights law, the plaintiff need not allege that he or she was a victim of discrimination." San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 475 (9th Cir. 1998). The only requirement for standing to sue under the FHA is an injury in fact, that as a result of the defendant's actions the plaintiff "has suffered a distinct and palpable injury." Id. (quoting Havens Realty Corp. v. Coleman,

7

455 U.S. 363, 372 (1982)).  Furthermore, under the FHA, "any person harmed by discrimination, whether or not the target of the discrimination, can sue to recover for his or her own injury."  Id.

As described above, Mr. Sanzaro has alleged an injury in fact, distinct from Mrs. Sanzaro's injuries .  Because the FHA's sole standing requirement is the same as the first requirement for claims under the ADA, the Court denies Defendants' Motion as it applies to the FHA.

### C.  Leave to Amend

Mr. Sanzaro moves for leave to amend the Complaint to add his name to the claims in the Complaint that only mention Mrs. Sanzaro.  Defendants did not reply.

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave [to amend] when justice so requires."  Leave to amend should be granted liberally to pro se litigants.  See Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003).  The policy behind Federal Rule of Civil Procedure 15 is to "facilitate [a] decision on the merits rather than on the pleadings or technicalities."  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (quotation omitted).

Given that Mr. Sanzaro alleges he suffered injuries under the ADA and FHA on July 26, 2010, and July 29, 2011, the Court grants leave to amend the Complaint to add Mr. Sanzaro's name only with respect to the sixth, seventh, eleventh, twelfth, and seventy-first claims, which refer to violations of the ADA or FHA, or both.

Because Mr. Sanzaro does not allege he suffered an injury on March 11, 2009, the Court denies leave to amend to add Mr. Sanzaro's name with respect to the first and second claims, which apply only to Mrs. Sanzaro.  The Court further will order that the Complaint be reformed to incorporate by reference these amendments.  Therefore, Plaintiffs shall not file an amended Complaint to reflect these amendments.

### III. MOTION FOR FRAUD UPON THE COURT

Plaintiff Michael Sanzaro moves the Court under Federal Rule of Civil Procedure 60(b) for an Order that counsel for Defendants committed "Fraud Upon This Court" in the Motion to Dismiss addressed above. Mr. Sanzaro argues that by Defendants taking the position that the only remaining causes of action were under the ADA and FHA, Defendants fraudulently misrepresented the case to the Court. However, as the Court confirmed at the July 22, 2013 status hearing, the Court previously dismissed all of Plaintiffs' claims, and the Ninth Circuit vacated this Court's ruling only as to the ADA and FHA claims. Accordingly, Mr. Sanzaro's Motion is denied.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Leach Johnson Song & Gruchow and John Leach's Motion to Dismiss Plaintiffs' Complaint as to Plaintiff Michael Sanzaro (Doc. #69) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Complaint (Doc. #78) is hereby amended to add Mr. Sanzaro's name only with respect to the sixth, seventh, eleventh, twelfth, and seventy-first claims.

IT IS FURTHER ORDERED that Plaintiffs' request for leave to file an amended Complaint is DENIED.

IT IS FURTHER ORDERED that Plaintiff Michael Sanzaro's Motion that Defendant's Counsel Committed "Fraud Upon This Court" In Their Motion to Dismiss Plaintiff Michael Sanzaro (Doc. #73) is DENIED.

DATED: March 21, 2014

_____
PHILIP M. PRO
United States District Judge