UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEBORAH SANZARO, et al., ) | |
| ) | 2:11-cv-01143-RFB-CWH |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| ARDIENTE HOMEOWNERS ) | |
| ASSOCIATION, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Defendant J.F. Shea Co., Inc.'s Motion for More Definite Statement (#121), filed June 17, 2014. The Court will also consider Plaintiffs' Motion for Recusal (#127), filed June 20, 2014, and Plaintiffs' Motion for Default Judgment (#129), filed June 25, 2014.

**BACKGROUND**

The factual background and procedural history of this matter were succinctly summarized in the Court's recent order (#115). There is no need to recite the entire background or history of the case to resolve the motions currently under consideration. It is, however, critical to note what claims remain. As was noted in order (#111), the only claims that remain from the original 102 claims set forth in Plaintiffs' complaint are "the first, second, sixth, seventh, eleventh, twelfth, and seventy-first claims, as these refer to violations of either the ADA or FHA, or both." *See* Order (#111) at 3:15 - 4:5. All other claims have been dismissed.[1]

---

[1] Plaintiffs' request for reconsideration of the order was denied. *See* Order (#119).

**1. Defendant J.F. Shea's Motion for More Definite Statement (#121)**

J.F. Shea alleges that the complaint "fails to adequately put [J.F. Shea] on notice of the claims" alleged against it and does not "establish which causes of action are applicable to [J.F. Shea]." Consequently, J.F. Shea argues that the compaint is "so vague and ambiguous" that it cannot reasonably respond and Plaintiffs should be required to provide a more definite statement. The motion is unopposed. Although the failure to oppose a motion constitutes consent to the granting of the motion (see Local Rule 7-2(d), in this instance the Court will exercise its discretion to address the motion despite Plaintiffs' failure to oppose it.

A motion for a more definite statement is made pursuant to Rule 12(e), which requires the filing of an amended pleading where the initial pleading is "so vague that the party cannot reasonably prepare a response." *See Russell Road Food & Beverage, LLC v. Galam*, 2013 WL 6684631 (D. Nev.); *see also* Fed. R. Civ. P. 12(e). "Rule 12(e) is designed to strike at unintelligiblity, rather than want of detail." *Id*. (quoting *Woods v. Reno Commodities, Inc.*, 600 F.Supp. 574, 580 (D. Nev. 1984)). Motions made under Rule 12(e) are disfavored and rarely granted. *Millenium Drilling Co. v. Beverly House-Meyers Revocable Trust*, 2013 WL 2152756 (D. Nev) (citation omitted). "Courts will deny the motion if the complaint is specific enough to give notice to the defendants of the substance of the claim asserted." *Millenium Drilling*, 2013 WL 2152756 *2. "A Rule 12(e) motion should be granted only if the complaint is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Id*.

After review of the record, and noting the limited number of claims which remain, the Court finds that a more definite statement is not necessary. Defendants should file a responsive pleading to the claims which remain, namely the first, second, sixth, seventh, eleventh, twelfth, and seventy-first claims. These are the only active claims. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendant J.F. Shea shall serve its responsive pleading or, alternatively, any motion that must be made before a responsive pleading by Thursday, July 24, 2014.

**2. Plaintiffs' Motion for Default Judgement (#129)**

Plaintiffs' request for default judgment is premature. Defendant filed its motion for more

1  definite statement under Rule 12(e) in a timely manner.  The plain language of Rule 12(e)
2  requires a motion for more definite statement to "be made before filing a responsive pleading[.]"
3  Pursuant to Fed. R. Civ. P. 12(a)(4)(A), "[u]nless the court sets a different time, serving a motion
4  under [Rule 12] alters" the time period to serve a responsive pleading until fourteen days after
5  the motion is resolved or, in the case of granting a motion for definite statement (not applicable
6  here), until fourteen days after service of the more definite statement.  Having had its motion for
7  more definite statement denied, Defendant J.F. Shea has until July 24, 2014 to serve its
8  responsive pleading or to make any motion that must be made before serving a responsive
9  pleading.  Consequently, Plaintiffs' motion for default judgment will be denied without
10 prejudice.

**3.  Plaintiffs' Motion for Recusal (#127)**

Plaintiffs' motion requesting that Judge Pro recuse himself is moot as this case has been reassigned to the Honorable Judge Richard F. Boulware, II for all further proceedings.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Defendant J.F. Shea Co., Inc.'s Motion for More Definite Statement (#121) is **denied**.  Defendant shall have until **Thursday, July 24, 2014** to serve its responsive pleading or make any motion that must be made prior to serving a responsive pleading.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Default Judgement (#129) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Recusal (#127) is **denied as moot**.

DATED: July 10, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge