UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEBORAH SANZARO, et al., ) | |
| ) | 2:11-cv-01143-RFB-CWH |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| ARDIENTE HOMEOWNERS ) | |
| ASSOCIATION, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Emergency Motion to Compel (#193), filed February 2, 2015. Plaintiff characterizes the motion as "filed in amalgamation with documents [#]150 and [#]161." The motion could be characterized as either a motion to compel or a motion for reconsideration, or both. In either event, the motion is improper and will be denied.

To the extent Plaintiff seeks reconsideration of the Court's prior order (#179), the request is denied. Reconsideration would necessarily be premised on Plaintiffs belief that although they signed a stipulation to withdraw a prior motion to compel (dkt. #150), it was their intent to be able to simply ask that the motion be reactivated by the Court for consideration. Plaintiffs argument in favor of "reactivation" was already considered and rejected by the Court. Plaintiffs agreed that the motion to compel (#150) would be withdrawn and "re-filed in the event of an unsuccessful mediation." Dkt. #165 at 2:6-8. Prior to the withdrawal and after Defendants filed a response to the motion, the parties submitted a stipulation to extend discovery which indicated supplemental responses to the disputed discovery had been served. As the Court has noted, the serving of supplemental responses before withdrawal necessarily altered the motion to compel.

Now, rather than refiling their motion as instructed, Plaintiffs have filed this "emergency" motion which appears to request that the Court reconsider the prior order by constructing the motion to compel based on prior filings. It is not the Court's role to construct motions on behalf

of litigants, even those proceeding *pro se*. As has been reiterated repeated by this and other courts, the fact that a litigant is proceed *pro se* does not suspend or otherwise alleviate applicable rules. Though the Court construes *pro se* filings broadly, *see King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *pro se* litigants are not treated more favorably than parties with attorneys and are expected to abide by the rules of court in which the litigation proceeds. *See Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986). The Court declines to craft Plaintiffs motion by piecing together prior filings.

To the extent Plaintiffs seek to compel responses to discovery, they have failed to comply with the applicable rules. In its prior order the Court made express and deliberate reference to Local Rule 26-7 in hopes that, if Plaintiffs chose to refile their motion to compel, they would do so in compliance with Local Rule 26-7(a), which requires "[a]ll motions to compel discovery . . . shall set forth in full the text of the discovery originally sought and the response thereto, if any." The Court went so far as to advise Plaintiffs to "set forth the precise discovery that remains disputed" if they chose to refile a motion to compel. The Court will not, indeed it cannot, properly adjudicate a motion to compel under Rule 37 without the full text of the disputed discovery, both requests and responses. Plaintiffs have not done so here, choosing instead to ask the Court to do it on their behalf by sifting through prior filings to discern the veracity of the requests and responses. The Court declines to do so. Plaintiffs are, again, instructed to refile their motion to compel in full compliance with all applicable rules. In particular, Plaintiffs must set forth the precise discovery requests and responses at issue.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion to Compel (#193) is **denied**.

DATED: February 4, 2015.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge