|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEVADA |
| | * * * |

| | | |
|---|---|---|
| DEBORAH SANZARO, et al., | ) | |
| | ) | 2:11-cv-01143-RFB-CWH |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ARDIENTE HOMEOWNERS | ) | |
| ASSOCIATION, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiffs' Motion for Reconsideration (#227), filed March 30, 2015. Plaintiffs ask that the Court reconsider the order granting Defendant's Motion to Strike (#176), entered on February 13, 2015. *See* Mins. of Proceedings (#209). As a result of the order, Plaintiffs' proposed expert Susanne A. Thomas was stricken pursuant to Fed. R. Civ. P. 37(c)(1). Plaintiffs ask that the Court reconsider its order based primarily on two arguments: (1) Defendant failed to meet and confer prior to filing the motion, and (2) Defendant was previously given "leeway" to file pleadings late. The Court has reviewed the motion and finds that none of the reasons offered support reconsideration.

The Court may exercise its inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). However, a court has discretion to depart from the prior order when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a

manifest injustice would otherwise result. *Cuddy*, 147 F.3d at 1114. A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985). A motion for reconsideration should not merely present arguments previously raised. It is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D.Cal.2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

Plaintiffs' claim that the motion is clearly erroneous because Defendant did not meet and confer prior to filing its motion (#176) is incorrect. The motion requesting that the Court strike Plaintiff's proposed expert Suzanne A. Thomas was filed pursuant to Fed. R. Civ. P. 37(c)(1). When there has been a violation of Rule 26(a) or (e) the exclusion penalty is, generally, "self-executing" and "automatic." *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175, 1180 (9th Cir. 2008). There is no requirement that a party meet and confer prior to bringing a motion for sanctions under Rule 37(c)(1). *Id*. at 1179. To the extent any local rule requires such a conference, the rule is unenforceable. *Id.* Additionally, the argument that Plaintiffs' late disclosure should have been permitted because Defendants have been permitted to file late briefing on various motions is not well taken. Briefing on motions is not equivalent to failing to make proper disclosures under Rule 26(a). The remainder of Plaintiffs' contentions center around arguments previously raised. The Court will not grant reconsideration merely because Plaintiff is unhappy with the outcome. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration (#227) is **denied**.

DATED: April 6, 2015.

C.W. Hoffman, Jr.
United States Magistrate Judge