**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEBORAH SANZARO, et al., ) | |
|         Plaintiffs, ) | Case No.  2:11-cv-01143-RFB-CWH |
| vs. ) | **ORDER** |
| ARDIENTE HOMEOWNERS ) ASSOCIATION, LLC, et al., ) | |
|         Defendants. ) | |

This matter is before the Court on non-party Ara H. Shirinian's Motion to Quash Subpoena, (ECF No. 343), filed January 20, 2017, Plaintiffs Deborah Sanzaro and Michael Sanzaro's Opposition (ECF No. 349), filed January 24, 2017, and Mr. Shirinian's Reply (ECF No. 355), filed February 2, 2017.  The Court also received Plaintiff's Opposition to Non-Party Mr. Shirinian's Reply (ECF No. 357), filed February 8, 2017, but did not consider this surreply because it had not been authorized by the Court.  Local Rule 7-2(b).  Defendants Ardiente Homeowners Association LLC, Scott Harris, Corona Ardiente LLC, Margo Hughen, Ryan Smith, RMI Management, LLC, and Kevin Wallace joined Mr. Shirinian's Motion (ECF No. 344) on January 23, 2017.  Trial in the underlying matter is scheduled to begin on April 24, 2017.[1]

Plaintiffs bring the underlying action for civil rights violations related to an animal being brought into the homeowner's association clubhouse, and fines associated therewith.  In the early stages of that dispute, in 2009, the parties appeared before Arbitrator Shirinian who had been appointed by the Nevada Department of Real Estate to arbitrate the dispute, and he conducted the arbitration and rendered an award.   Plaintiffs have now issued a subpoena for Mr. Shirinian's

---

[1] The trial date related to the subpoena was February 9, 2017, but that date was vacated by the district judge. (Minute Orders (ECF Nos. 350, 362, 363).)

appearance to testify at the trial, and he objects and moves to quash the subpoena because, under Nevada Revised Statutes § 38.229, an arbitrator is not competent to testify.  Plaintiffs respond that they require Mr. Shirinian to testify because they believe that in the arbitration, he did not have jurisdiction to decide the issues, and therefore he has no immunity.   Plaintiffs indicate they intend to ask Mr. Shirinian only about his knowledge of qualifications to rule on federal discrimination issues and his lack of jurisdiction, but will not ask him "any questions regarding any statement he may have made, conduct, decision or anything happening in the arbitral (sic) itself."[2]  (Opp'n (ECF No. 349) at 2:16-17.)

Federal Rules of Civil Procedure 45(d)(3)(iii) provides that, upon timely motion, the court for the district where compliance is required must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies.  Rule 45(e)(2) further sets forth the process for a person withholding subpoenaed information to assert a privilege claim, that is, to expressly make the claim, and to describe the nature of the withheld communications.

Here, Mr. Shirinian points to Nevada law which provides that in relevant part that "in a judicial . . . proceeding, an arbitrator . . . is not competent to testify, and may not be required to produce records as to any statement, conduct, decision or ruling occurring during the arbitral proceeding, to the same extent as a judge of a court of this state acting in a judicial capacity."  Nev. Rev. Stat. § 38.229(4).  Plaintiffs desire to have Mr. Shirinian testify about his qualifications to rule on federal discrimination law and his lack of jurisdiction as it relates to this case.  By statute, because these subjects relate to his performance of duties as an arbitrator in this case, the matters are protected, and he may not testify about them.[3]  Plaintiffs provide no argument that there are any

---

[2] Plaintiff's position seems to be internally inconsistent—the arbitrator's answers to these questions would necessarily be made in the context of his role as the arbitrator during the arbitration.

[3] Although Mr. Shirinian primarily relies on Nevada law, federal common law also extends judicial immunity to arbitrators and arbitral organizations.  *See Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987); *Slaughter v. American Arbitration Ass'n*, No. 2:10-cv-01437-KJD-GWF, 2011 WL 2174403, at *1, *2 (D. Nev. June 2, 2011) (citing *Wasyl* and finding that an arbitral

applicable exceptions in this situation.

Additionally, Mr. Shirinian advises that he had no dealings with the Plaintiffs except in his capacity as arbitrator. His testimony regarding his qualifications to rule on federal discrimination issues and his "lack of jurisdiction" to conduct the arbitration is not relevant to the claims and defenses in this case. To the extent that there is an admissible arbitration decision in this matter, it will speak for itself. *See Reichman v. Creative Real Estate Consultants, Inc.*, 476 F. Supp. 1276, 1286 (S.D.N.Y. 1979) (granting a motion to quash a deposition subpoena served on an arbitrator and reasoning that "nothing that the arbitrator could conceivably say at his deposition would have 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" (quoting Fed. R. Evid. 401).) Accordingly, the Court must quash the subpoena for Mr. Shirinian to testify in this matter.

**IT IS HEREBY ORDERED** that Mr. Shirinian's Motion to Quash Subpoena (ECF No. 343) is **granted**.

**IT IS FURTHER ORDERED** that the subpoena (ECF No. 329) issued as to Mr. Shirinian is **quashed**.

**IT IS FURTHER ORDERED** that the Clerk of Court must serve a copy of this order by United States mail on Ara H. Shirinian at the following address:

10651 Capesthorne Way
Las Vegas, Nevada 89136

DATED: March 30, 2017

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**

---

organization and it arbitrators are immune from civil liability under Nevada Revised Statutes § 38.229). This includes immunity from testifying in a subsequent proceeding, absent evidence of arbitrator misconduct. *See, e.g., Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 430-31 (9th Cir. 1996) (holding district court did not abuse its discretion in denying the deposition of an arbitrator because no evidence of bias was presented); *Reichman v. Creative Real Estate Consultants, Inc.*, 476 F. Supp. 1279, 1286 (S.D. N.Y. 1979) (quashing a deposition subpoena served on an arbitrator on the grounds that an arbitrator should "not be called upon to give a reason for his decision." (quotation omitted)).