# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DEBORAH SANZARO, et al., | |
| Plaintiffs, | Case No. 2:11-cv-01143-RFB-CWH |
| vs. | **ORDER** |
| ARDIENTE HOMEOWNERS ASSOCIATION, LLC, et al., | |
| Defendants. | |

This matter is before the Court on non-parties' John Leach and Nicole Guralny's Motion to Quash Subpoena (ECF No. 351), filed January 30, 2017, Plaintiffs Deborah Sanzaro and Michael Sanzaro's Opposition (ECF No. 356), filed February 8, 2017, and Leach and Guralny's Reply (ECF No. 359), filed February 15, 2017. Trial in the underlying matter is scheduled to begin on April 24, 2017.[1]

Plaintiffs bring the underlying action for civil rights violations related to an animal being brought into the homeowner's association clubhouse, and fines associated therewith. Leach and Guralny indicate that they were general counsel to the association, litigation counsel for an underlying arbitration before the Nevada Department of Real Estate to arbitrate the dispute, and counsel in two matters filed by Plaintiffs with the U.S. Department of Housing and Urban Development. Plaintiffs have now issued a subpoena for the appearance of Leach and Guralny to testify at the trial, and they object and move to quash the subpoena because their only participation in this case is as legal counsel, they are not percipient witnesses, and therefore the only testimony which they could provide would be protected by the attorney-client privilege. Plaintiffs respond

---

[1] The trial date related to the subpoena was February 9, 2017, but that date was vacated by the district judge. (Minute Orders (ECF Nos. 350, 362, 363).)

that they require Leach and Guralny to testify about their expertise in the areas of the Americans with Disabilities Act, the Fair Housing Act, and Nevada Revised Statutes, and that they do not intend to ask them about their legal counsel to the association.  Plaintiffs believe that at trial, the association will argue to the jury that it was only following the advice of Leach and Guralny, and that the jury has a right to know Leach and Guralny's qualifications.  Plaintiffs provide no support for this supposition.  Plaintiffs further indicate that Leach and Guralny caused irreparable harm to Plaintiffs when their advice was given to the association.  (Opposition (ECF No. 356) at 1:14-17.)  Plaintiffs provide eight questions that they desire to ask Leach and Guralny at trial.  The questions ask whether Leach and Guralny consider themselves to be experts in the FHA, the ADA, and certain NRS provisions, ask for training they have had regarding service animals, and their understanding of the "accommodation" process in the DOJ and HUD Joint statement.  *Id*., at 3:12-26.

Federal Rules of Civil Procedure 45(d)(3)(iii) provides that, upon timely motion, the court for the district where compliance is required must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies.  Rule 45(e)(2) further sets forth the process for a person withholding subpoenaed information to assert a privilege claim, that is, to expressly make the claim, and to describe the nature of the withheld communications.

Here, Leach and Guralny indicate that they are not percipient witnesses, and their only role in the case was as legal counsel, and therefore all of the communications they had were protected by the attorney-client privilege. *U.S. v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996).  Plaintiffs make no argument that their communications with their clients would not be privileged.  As written, Plaintiffs' eight questions provide no information regarding the claims and defenses of the case, but are in the nature of expert testimony.  Leach and Guralny note that they have not been identified as experts in the underlying case, a matter which Plaintiffs do not dispute.  As such, Leach and Guralny would be unable to provide expert testimony to the fact finders regarding their interpretation of "accommodation," as desired by Plaintiffs.  *See* Fed. R. Civ. P. 26(a)(2).  The qualifications and opinions of Leach and Guralny are only relevant to the case in the context of

advice which they might have given to the association, but that legal advice is obviously protected by the attorney-client privilege. Accordingly, the Court must quash the subpoena for the testimony of Leach and Guralny.

**IT IS HEREBY ORDERED** that Leach and Guralny's Motion to Quash Subpoena (ECF No. 351) is **granted.**

**IT IS FURTHER ORDERED** that the subpoenas (ECF No. 392) at issue are **quashed**.

DATED: March 30, 2017

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**