UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEBORAH SANZARO, et al., ) | |
|        Plaintiffs, ) | Case No. 2:11-cv-01143-RFB-CWH |
| vs. ) | **ORDER** |
| ARDIENTE HOMEOWNERS ) ASSOCIATION, LLC, et al., ) | |
|        Defendants. ) | |

      This matter is before the Court on Defendant J.F. Shea Company, Inc.'s ("JFS") Motion to Quash Subpoena (ECF No. 346), filed on January 25, 2017, and Plaintiffs Deborah Sanzaro and Michael Sanzaro's Opposition (ECF No. 352), filed on February 1, 2017. JFS did not file a reply. Trial in the underlying matter is scheduled to begin on April 24, 2017.[1]

      Plaintiffs bring the underlying action for civil rights violations related to an animal being brought into the homeowner's association clubhouse, and fines associated therewith. Plaintiffs issued a trial subpoena to JFS to provide a person most knowledgeable to testify regarding its financial statements and worth. JFS moves to quash the subpoena, arguing that its financial condition is not relevant because the assigned United States district judge granted its motion for summary judgment and it is no longer a party in this case. Plaintiffs respond that although the district judge granted JFS's motion for summary judgment, the court has not issued a written decision. Plaintiffs further respond that they have moved for reconsideration of the district judge's order granting JFS's motion for summary judgment. Plaintiff concedes, however, that if its motion for reconsideration is denied, the subpoena will be quashed.

---

[1] The trial date related to the subpoena was February 9, 2017, but that date was vacated by the district judge. (Minute Orders (ECF Nos. 350, 362, 363).)

Federal Rules of Civil Procedure 45(d)(3)(iii) provides that, upon timely motion, the court for the district where compliance is required must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies. Rule 45(e)(2) further sets forth the process for a person withholding subpoenaed information to assert a privilege claim, that is, to expressly make the claim, and to describe the nature of the withheld communications.

Here, the district judge entered a minute order that granted JFS's motion for summary judgment. (Minute Order (ECF No. 305).) The minute order stated that a written order would issue. (*Id.*) Plaintiffs moved for reconsideration of that order. (Mot. for Reconsideration (ECF No. 321).) To date, a written order has not been entered on the motion for summary judgment, and the motion for reconsideration remains pending before the district judge. Based on the case's current procedural posture, it appears that JFS is no longer a party and therefore its financial condition is not relevant and should be protected. The court therefore will grant JFS's motion to quash the trial subpoena. If the district judge reconsiders his order granting summary judgment in favor of JFS, Plaintiffs may issue another subpoena to JFS.

**IT IS HEREBY ORDERED** that Defendant J.F. Shea Company, Inc.'s Motion to Quash Subpoena (ECF No. 346) is **granted.**

**IT IS FURTHER ORDERED** that the subpoena (ECF No. 329) at issue is **quashed**.

DATED: April 4, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

2