# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEBORAH SANZARO and MICHAEL SANZARO, <br><br> Plaintiffs, <br><br> v. <br><br> ARDIENTE HOMEOWNERS ASSOCIATION, LLC, *et al.*, <br><br> Defendants. | Case No. 2:11-cv-01143-RFB-CWH <br><br> **ORDER** <br><br> Defendant's Motion to Strike Jury Demand (ECF No. 333) |

## I. INTRODUCTION

Before the Court comes Ardiente Homeowners Association, LLC, Scott Harris, Corona Ardiente, LLC, Margo Hughen, Ryan Smith, Laury Phelps, RMI Management, LLC, and Kevin Wallace (collectively, "Moving Defendants")' Motion to Strike Plaintiffs' Jury Demand.[1] (ECF No. 333). For the reasons stated below, the Court GRANTS this Motion.

## II. RELEVANT BACKGROUND

The majority of the procedural developments in this case are not relevant to the instant Motion, and will be set out in a forthcoming order. However, the Court will provide a brief background of the case. The Plaintiffs in this case are Deborah and Michael Sanzaro. Plaintiffs' Complaint arises from three separate incidents from 2009 through 2011 wherein the Defendant Ardiente Homeowners Association ("the HOA") denied Plaintiff Deborah Sanzaro and her alleged service animal, Angel, entry into the Ardiente clubhouse ("the HOA clubhouse").

---

[1] The Court agrees with Plaintiffs that the first and only filed Jury Demand was made on March 25, 2015 by Defendant J.F. Shea Co., Inc., in its Amended Answer. (ECF No. 224).

In the operative Complaint filed on July 22, 2013 (ECF No. 78), Plaintiffs bring 102 causes of action which include a combination of state and federal claims. The Honorable Philip M. Pro previously dismissed Plaintiffs' suit, and judgment was entered in favor of Defendants on all claims. (ECF No. 33). On appeal, the Ninth Circuit affirmed in part and reversed and remanded in part. (ECF No. 55 at 2-4).

Defendant J.F. Shea, Co, Inc. ("JFS") was served on May 27, 2014. (ECF No. 120). JFS filed its Answer on July 22, 2014. (ECF No. 133). JFS filed a Motion to Amend/Correct re: Answer on March 25, 2015. (ECF No. 223). On the same day, JFS filed its Amended Answer with a Jury Demand and Crossclaim against the HOA. (ECF No. 224). The Moving Defendants filed a First Motion to Strike Jury Demand on January 4, 2017. (ECF No. 333). Plaintiffs filed a Response on January 10, 2017. (ECF No. 334). During a hearing on various motions, held on September 29, 2017, the Court ruled that it would take the Motion to Strike Jury Demand under submission. (ECF No. 376). The Court subsequently issued a minute order granting the Motion and finding JFS' Jury Demand untimely filed, and indicating that a written order was to issue (ECF No. 377). Plaintiffs filed a Supplemental Opposition to the Motion to Strike Jury Demand on October 3, 2017. (ECF No. 378).

### III. LEGAL STANDARD

The procedure for making a jury demand in this district is governed by Federal Rule of Civil Procedure 38, and Local Rule 38-1. Federal Rule of Civil Procedure 38 sets forth the requirement for making a jury demand. Subsection 38(b) provides: "**Demand.** On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Subsection 38(d) provides: "**Waiver; Withdrawal.** A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent." Local Rule 38-1 provides: "When a party demands a jury trial in a pleading under Fed. R. Civ. P. 38(b), the words "JURY DEMAND" must be typed or printed in capital letters on the first page immediately below

the title of the pleading."

A failure to comply with the Local Rule does not prevent the Court from finding a proper jury demand, as long as Federal Rule of Civil Procedure 38(b) has been followed. See Pradier v. Elespuru, 641 F.2d 808, 811 (9th Cir. 1981) ("[When] the demand for a jury trial [is] properly made under [Rule 38(b)], the failure to fulfill an additional requirement of a local rule to place a notation to that effect in the title cannot constitute a waiver of a trial by jury.") The Ninth Circuit further held: "[b]ecause the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution, courts should indulge every reasonable presumption against waiver." Id. (citations omitted).

Additionally, the Court may exercise discretion to order a jury trial even if one has not been demanded. Federal Rule of Civil Procedure 39(b) provides: "**When No Demand is Made.** Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Nevertheless, the Ninth Circuit has held that such discretion is narrow, and cannot be applied when a jury demand was untimely filed. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1086-87 (9th Cir. 2002) (finding that, when a party filed a jury demand after the period set forth in Rule 38(b), no relief could be granted as "[i]nadvertence . . . is not a sufficient reason to grant relief [under Rule 39(b)] from an untimely jury demand.") (citations omitted). This rule applies even to *pro se* litigants. Id. The Ninth Circuit has made clear that the inclusion of a jury demand in a pleading does not "start[ ] again the time to ask for a jury" when the pleading and jury demand are filed after the Rule 38(b) window. Lutz v. Glendale Union High Sch., Dist. No. 205, 403 F.3d 1061, 1066 (9th Cir. 2005).

**IV.    DISCUSSION**

Defendant J.F. Shea filed its Amended Answer with Jury Demand on March 25, 2015. According to Ninth Circuit's interpretation of Rule 38(b) in Lutz, an amended pleading with jury demand must be filed within fourteen days after the prior pleading was served.[2] For the jury

---

[2] The operative Rule 38(b) at the time of the Lutz decision provided ten days for the filing and service of a jury demand. The Rule was last amended in 2009.

- 3 -

demand in the Amended Answer to be timely pursuant to the Rule, a prior pleading with a jury triable issue had to be served no earlier than March 6, 2015. Federal Rule of Civil Procedure 7 sets forth an exclusive list of filings to be treated as pleadings: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." The only filings appearing on the docket between March 6, 2015 and March 25, 2015 are an Order granting a Stipulation of Dismissal (ECF No. 218), Subpoenas for witnesses (ECF Nos. 219 and 222), an Affidavit of Plaintiff Michael Sanzaro with no objections to a prior Motion to Reconsider (ECF No. 220), a Certificate of Service of the Affidavit (ECF No. 221), and Defendant J.F. Shea's Motion to Amend/Correct Answer (ECF No. 223). As Defendant J.F. Shea's Amended Answer was the only jury demand filed, and the filing was not timely in accordance with Federal Rule of Civil Procedure 38(b), the Court grants the Motion to Strike the Jury Demand.

The Court notes that, had the jury demand been timely filed, it would have required the Court to try the issues before a jury, regardless of whether Defendant J.F. Shea remained a party to the case. Pursuant to Rule 38(d), once a jury demand has been properly made, it may not be withdrawn without the parties' consent. The Court recognizes that a party may rely upon a properly filed jury demand to govern the entire case, and thus may not file a jury demand of its own. The subsequent dismissal of the party that filed the jury demand should not frustrate the parties' reliance and expectation that issues would be tried before a jury. See Calnetics Corp. v. Volkswagen of America, Inc., 532 F.2d 674, 690 (9th Cir. 1976) (finding that defendants were entitled to rely upon plaintiff's jury demand "and were not obliged to make an independent demand with respect to the issues covered by [plaintiff's] demand in order to preserve their right to trial by jury under [Rule 38].") (citation omitted).

The Court also notes that any indications of a request for jury trial made on the civil cover sheet alone do not form a proper jury demand. On the civil cover sheet for the original Complaint, there are boxes for "YES" or "NO" for jury demand. There is also an instruction above the boxes that reads: "Check YES only if demanded in complaint." Plaintiffs checked the box for "YES."

However, there is no demand for jury trial made in either the operative complaint or in the Amended Complaint. The Ninth Circuit has made clear that merely checking the box on the civil cover sheet does not fulfill the requirements of Federal Rule of Civil Procedure 38. See Wall v. National R. Passenger Corp., 718 F.2d 906, 909 (9th Cir. 1983) ("[E]very other court to face the question has concluded that checking the jury demand box on the civil cover sheet is insufficient to meet the requirements of rule 38(b). . . . We agree. The civil docket sheet is an administrative document designed to facilitate the court's management of a trial and is not served on the opposing party. Thus, it cannot substitute for proper service under rule 38(b).") Therefore, the Court cannot interpret the checked box on the civil cover sheet as a properly filed jury demand.

### V. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike Jury Demand (ECF NO. 333) is GRANTED.

**DATED** this 29th of November, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**